In the Matter of the Claim of PERCY D. TEAMER, Respondent, v. AMERICAN RADIATOR & STANDARD SANITARY CORPORATION, Appellant, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— The self-insured employer appeals from the decision of the Workmen's Compensation Board which determined that "claimant sustained an occupational disease in the form of silicosis and tuberculosis attributable to the exposure for many years to the sand and dust in his employment as a chipper and grinder". Claimant worked in various occupations which exposed him to a minimal concentration of free silica for over 30 years. He ceased work on September 30, 1960 and was hospitalized for a lung condition. The carrier makes no issue as to exposure. The only issue is whether there is substantial evidence that claimant is disabled as a result of silico-tuberculosis. There is the usual conflict of medical testimony. Claimant's doctor, a specialist in "internal medicine, particularly chest" made a report and thereafter testified that the claimant was suffering from silico-tuberculosis. His opinion was based upon the nature of the claimant's work over a 30-year period and the medical history. When testifying, he stated he found nodulations in the right lung and thereafter he stated he found such condition in the left lung. The employer's medical testimony consisted of reports submitted by Dr. Schuck and Dr. McKay, the latter also testifying. Dr. Schuck's report stated in part with reference to the left side of the chest: " There is remarkably little change in the lung parenchyma except that in the expiratory film there is slight hazing suggesting groundglass effect." His impression was: "Moderately advanced pulmonary tuberculosis, involving the right lung. There are remarkably few changes in the left lung, but the slight hazing suggests pneumononiosis despite the asymmetric X-ray densities." Taber's Cyclopedic Medical Dictionary defines "pneumononiosis" as "Fibrous inflammation or chronic induration of the lungs resulting from inhalation of dust." Dr. McKay testified that silicosis is a bilateral disease which affects both lungs "almost equally". Consistent with a diagnosis of silicosis, he found a " particular type of fibrosis " called "nodular " present in the right lung but as to the other (left) lung he responded: " No, I didn't think so ". Dr. Eschner made a report to the carrier in which he stated from his review of claimant's X rays that " Findings at this time suggest a spread of the infiltrative process with greater involvement on the right and suggestion of a minimal degree of spread toward the left." The claimant was then referred to the board of chest consultants and a report was made by an expert consultant, Dr. Brock, who subsequently testified. Based upon the nature of the claimant's work and the medical history, he found nodulations in the left lung and evidence of a bilateral disease which were compatible with a diagnosis of silico-tuberculosis and pulmonary emphysema. He, as found by Dr. Schuck, reported that " the expiratory film reveals increased markings on the left side with slight nodulation of an irregular type" and further stated: " After a complete review of all factors it would appear most likely that the claimant has an underlying silicosis with superimposed far-advanced pulmonary tuberculosis ". With such conflicting medical testimony, we recently affirmed an award for silicosis. (*Matter of Groff* v. *National Gypsum Co.,* 18 A D 2d 481, mot. for lv. to app. den. 13 N Y 2d 596.) Medicine is not an exact science and leaves opportunity for different medical opinions and conclusions based upon a given medical hypothesis. Here, the medical testimony, in sum, presented to the board a factual question as to whether the disease from which the claimant was suffering was in its nature occupational and, in our opinion, there was substantial evidence to sustain its findings. Decision affirmed, with

costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.